IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 12-09083 (MCF)
:
SUNSET MARINE OF PUERTO :
RICO, INC. : CHAPTER 11
:
    Debtor :
_____ :
:
SUNSET MARINE OF PUERTO :
RICO, INC. : ADVERSARY NO.   12-00411
:
    Plaintiff :
:
vs. :
:
TRACKER MARINE, LLC & MAKO :
MARINE INTERNATIONAL, LLC, :
f/k/a MAKO MARINE INTERNATIONAL, :
INC., BASS PRO GROUP :
:
    Defendants :
_____ :

## OPINION AND ORDER

Before the court is the motion to dismiss or to abstain (Docket Nos. 8 & 16) filed by defendants Tracker Marine, LLC, Bass Pro Group and Mako Marine International, LLC, f/k/a Mako Marine International, Inc. (hereinafter collectively referred to as "Tracker") and the opposition thereto (Docket Nos. 14 & 34) filed by the plaintiff Sunset Marine of Puerto Rico, Inc. (hereinafter referred to as the "Debtor"). For the reasons stated below, the court grants Tracker's motion to dismiss on the basis of a forum selection clause requiring the dispute to be heard in Missouri or in the alternative Tracker's request for abstention, thereby dismissing the adversary action without prejudice, pursuant to Fed. R. Bankr. P. 7012(b)(6) or 28 U.S.C. § 1334(c)(1), respectively. Consequently, the court shall modify the automatic stay to allow the United States District Court for the Western District of Missouri action to continue to final, firm and unappealable judgment. Tracker is barred by the automatic stay to execute any judgment obtained against Debtor; however, Tracker may pursue the judgment, if any, in the bankruptcy court.

## I. BACKGROUND

A brief overview of the multiple lawsuits that these parties have been engaged in the past two

years is warranted. In the first suit, Tracker filed a three count complaint against Debtor and its principals, Juan Carlos Nieto Rodríguez and María Teresa Perea Fernández (hereinafter collectively referred to as "Principal"), regarding a distribution agreement between the parties in the U.S. District Court for the Western District of Missouri. Debtor answered the complaint raising various affirmative defenses including a defense under Puerto Rico's Law 75, 10 L.P.R.A. § 278-278(e). Debtor and Principal filed a counterclaim seeking a refund on warranty claims, damages for breach of contract, damages for implied warranty and unjust enrichment as well as an award of attorney's fees and costs. Debtor also moved to have the Missouri case transferred to Puerto Rico but said request was denied.

A month later, a second action commenced by Principal against Tracker Marine Group in the Commonwealth of Puerto Rico, the Court of First Instance, San Juan Part. Debtor was not a party to the local court action. The local court granted a motion to stay the proceedings after determining that the claims were substantially similar to those at issue in the Missouri case.

The Missouri case was initially set for trial on October 20, 2012; however, counsel for the Debtor withdrew legal representation. The court then granted Debtor until November 11, 2012, to obtain new counsel and until November 18, 2012, to respond to a motion for contempt and sanctions and other pending motions. The trial was rescheduled for December 3, 2012.

On November 14, 2012, Debtor filed a voluntary petition under Chapter 11, thereby staying the Missouri case.[1]

On November 27, 2012, Debtor commenced this adversary action (Adv. No. 12-411) against Tracker, seeking damages for breach of contract under a distribution or representation agreement under Puerto Rico's Law 75 and Law 21 [hereinafter referred to collectively as the "Law 75 Action"]. Tracker moved for dismissal or in the alternative, for the court to abstain from hearing this matter and allow the Missouri case to proceed to trial. Subsequently, Tracker filed a memorandum of law in support of the motion to dismiss (Docket No. 16). Debtor opposed (Docket Nos. 14 & 34). Debtor

---

[1] The Missouri case has resumed against the Principal who have not sought bankruptcy relief and the trial is set for February 10, 2014 (Docket No. 28 of Adv. No. 12-427).

also moved to strike Tracker's memorandum of law and request for a jury trial (Docket No. 17) and Tracker opposed the motion to strike (Docket No. 18).[2]  Both parties demanded a jury trial (Docket Nos. 1 & 15).

After the Law 75 action was filed, Debtor removed the Missouri case to this court in Adversary Proceeding No. 12-427. Tracker moved to dismiss, remand or abstain from the removed action, which was opposed by Debtor.

In the bankruptcy case, Tracker had moved for relief from the automatic stay to proceed with the Missouri case but their request was denied as premature until the court resolved the pending motion to dismiss or abstain in the removed action.[3]

On June 18, 2013, the court conducted a hearing on the motion to dismiss or for abstention regarding the Law 75 action.  The matter was taken under advisement.

## II.  DISCUSSION

### A.  Parties' Contentions

Tracker contends in its motion to dismiss and/or memorandum of law that the case should be dismissed on the following grounds: 1) Debtor's adversary proceeding consists entirely of non-core common law claims regarding a pre-petition contract between the parties, which should be decided by a jury trial before an Article III court; 2)  the forum selection clauses of the Dealer Agreement specified that the disputes are to be determined under Missouri law in a court located in a state or federal court located in Greene County, Missouri; and/or 3) the adversary complaint fails to state a claim. Tracker also argued in the alternative that the court should abstain from hearing the adversary complaint filed by Debtor because the Missouri case was the first case to be filed and both parties have requested a jury trial.  The Missouri case had advanced to the trial stage with some pending discovery disputes.

Debtor contends that pursuant to Puerto Rico's Law 75, the forum selection clause in the

---

[2] Debtor also moved to strike Docket No. 14 but this is Debtor's opposition to the motion to dismiss.  In the contents of the motion to strike, Plaintiff mentions Docket No. 13 but this is a certificate of notice issued by the Bankruptcy Noticing Center.

[3] In re Sunset Marine of Puerto Rico, Inc., Case No. 12-09083, Docket Nos. 22 and 49.

Dealer Agreement is contrary to public policy and that controversies arising under such agreements need to be heard within the courts of Puerto Rico jurisdiction. Debtor claims that Tracker has no other recourse but to have the dispute heard in Puerto Rico because the Missouri case was removed to Puerto Rico in a separate adversary case. As a result of the removal, Debtor claims that the court is unable to abstain from this action because there is no longer a pending case in Missouri.

B. Jurisdiction

Section 1334 of title 28 establishes the district court's jurisdiction to hear bankruptcy cases and proceedings. "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for each district." 28 U.S.C. § 157(a).

In our district, the Resolution dated July 19, 1984, refers all cases under title 11 and any or all proceedings "arising under" title 11 or "arising in" under title 11 or "related to" a case under title 11 to the bankruptcy court. This court also has the authority to enter final decisions in all cases under title 11 and all core proceedings which "arise under" title 11 or "arise in" under title 11, pursuant to 28 U.S.C. §§ 1334 and 157(a) & (b)(1). With respect to cases that are "related to" title 11, also known as "non-core" proceedings, the bankruptcy courts may hear those proceedings but cannot issue final findings of fact and conclusions of law unless all the parties to the proceeding consent to the bankruptcy judge rendering a final adjudication.[4] 28 U.S.C. § 157(c)(1)-(2).

Debtor alleges in the complaint that this adversary action is primarily a core proceeding (Docket No. 1). At the oral argument hearing, Debtor argued that the action "arises in" the Chapter 11 bankruptcy case because the distribution agreement involves an asset of the bankruptcy estate and will likely affect the administration of the estate. However, Tracker claims that this adversary action is a non-core proceeding and is not "related to" the bankruptcy case (Docket No. 16).

The term "core proceeding" is undefined in the Bankruptcy Code. However, the Code does provide a descriptive list of core proceedings in 28 U.S.C. § 157(b)(2). A core proceeding that

---

[4] Both parties demanded a jury trial. Tracker does not consent to conducting a jury trial in the bankruptcy court. Consequently, a jury trial would have to be heard in the district court. 28 U.S.C.§ 157(e).

"arises in" a bankruptcy is not based on any right expressly created by title 11, but "acts as the residual category of civil proceedings and includes such things as administrative matters." 1 Collier on Bankruptcy ¶3.01[3][e][iv](Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).[5] A "related to" proceeding "extends to matters concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights", In re Santa Clara Cnty. Child Care Consortium, 223 B.R. 40, 43 n.4 (BAP 1st Cir. 1998), and "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." In re Middlesex Power Equip. & Marine, Inc., 292 F.3d. 61, 68 (1st Cir. 2002).

We find that the instant case does not fall under the "arising in" a case under title 11 because the complaint brought by Debtor against Tracker seeks a monetary judgment concerning the parties' rights under a contract. The claims asserted by Debtor against Tracker are for unlawful unilateral termination or impairment of a distribution relationship or a sales representative relationship. The claims cannot conceivably be considered administrative matters that fall under "arising in" title 11. None of these claims involve administrative matters but substantive state law rights.

As a consequence, the instant adversary proceeding is a non-core proceeding that falls squarely under the "related to" type of jurisdiction. The action would and could survive outside of bankruptcy and if it had not been for the bankruptcy filing of Debtor, the actions would have been or could have been resolved in a non-bankruptcy forum. In fact, both parties agree that this action involves state law issues but disagree which state law applies.

C. Forum Selection Clause

Now that we have determined that the court has jurisdiction over this adversary case, the court will address the forum selection clause. Tracker moves to dismiss the complaint on the basis that the parties agreed in their contract to have their disputes heard in a state or federal court in Greene

---

[5] A core proceeding that "arises under" title 11 is one in which the cause of action is created or determined by a statutory provision of title 11. 1 Collier on Bankruptcy ¶3.01[3][e][i](Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). None of the parties contend that the adversary proceeding is one that "arises under" title 11.

5

County, Missouri.

Indeed, the contract, that has stirred such controversy among the parties, stipulated that their disputes are to be heard in Missouri. Debtor is bound to said forum selection clause, although Debtor prefers to have the action heard in Puerto Rico before the bankruptcy court. This court will not alter the terms of the contractual provision.

"Federal courts have long enforced forum selection clauses as a matter of federal common law." Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993). When interpreting said clauses in diversity cases, federal law has been applied. Renaissance Mktg., Inc. v. Monitronics, Inc. v. Monitronics Int'l, Inc., 606 F. Supp.2d 201, 211 (D.P.R. 2009)(citing D.I.P.R. MFG, Inc., v. Perry Ellis Int'l, Inc., 472 F. Supp.2d 151, 154 (D.P.R. 2007).

Debtor argues that the strong public policy behind Law 75 is contravened by the forum selection clause in the contract. However, the First Circuit has held that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses." Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 (1st Cir. 2001). This principle is deeply established that our district and circuit courts have consistently applied it over the last two decades including in Law 75 and 21 cases. Rafael Rodriguez Barril, Inc. v. Conbraco Indus, Inc., 619 F.3d 90 (1st Cir. 2010)(a Law 21 case); Perry Ellis, 472 F. Supp.2d at 155; Outek Caribbean Distrib., Inc. v. Echo, Inc., 206 F. Supp. 2d 263 (D.P.R. 2002); Maxon Eng'g Serv., Inc. v. United Sciences, Inc., 34 F. Supp.2d 97, 100 (D.P.R. 1998); Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 272-75 (D.P.R. 1996); Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 821 F. Supp. 802 (D.P.R. 1993). Based on the case law, the forum selection clause in this case does not contravene the important public policy of Puerto Rico's Laws 75 and 21.

Debtor contends that this court should disregard the forum selection clause in the contract because it will be expensive to try the case in Missouri.[6] However, there will be additional costs and fees in handling the newly filed adversary proceedings. "The complications and expenses attendant to the prosecution of claim in a distant forum are foreseeable at the time a party consents to the contractual

---

[6] Debtor did not allege that the forum selection clause was a product of fraud or overreaching.

provision. 'The cost of such litigation alone cannot be enough to meet the 'heavy burden imposed upon the reneging party who may now have the second thoughts.'" Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp.2d 205, 209 (D.P.R. 2007)(citing In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005)(case dismissed based on forum selection clause in a Law 75 contract designating the courts of England to resolve the dispute). Mere inconvenience of the forum will not suffice to abrogate the forum selection clause. "[T]o set aside a forum selection clause requires more than 'simply showing that another location would be more convenient.'" Puerto Rico Surgical Technologies, Inc. v. Applied Medical Distribution Corp., 2010 U.S. Dist. Lexis, 114068 (D.P.R. Oct. 22, 2010)(citing Mercurio, 402 F.3d at 66). The court will enforce the valid forum selection clause voluntarily entered into by the parties.[7] Thus, Tracker's Motion to Dismiss on the basis of the forum selection clause is granted and the complaint is dismissed without prejudice.

D. Abstention

Even if the case should not dismissed on the grounds of the forum selection clause, the court chooses to abstain from hearing this case. There are two types of abstention: mandatory and permissive. Section 1334(c)(2) calls for mandatory abstention under the following circumstances:

> (1) a timely motion is filed; (2) the proceeding is based upon a state law claim or cause of action; (3) the proceeding is related to a case under title 11; (4) the action could not have been commenced in a federal court absent section 1334(b); (5) the action is commenced; and (6) the action can be timely adjudicated.

> C&A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth., 369 B.R. 87, 92 (D.P.R. 2007)(citing Goya Foods, Inc. v. Ulipiano Unanue-Casal, 164 B.R. 216, 221 (D.P.R. 1993).

However, mandatory absention is inapplicable [if the] suit could be heard in federal court under diversity jurisdiction. Wedtech Corp. v. Banco Popular de Puerto Rico (In re Wedtech Corp.), 94 B.R. 293 (S.D.N.Y. 1988)(holding that lawsuit could have brought in federal court under diversity jurisdiction and thus mandatory abstention provision was not applicable).

---

[7] As to Debtor's argument that the Tracker has no other recourse but to have the dispute heard in Puerto Rico because the Missouri case was removed to Puerto Rico in a separate adversary case. On this same date, the court is remanded the removed action.

We cannot apply mandatory abstention to the instant case because the suit could have been brought in federal court under diversity jurisdiction. Moreover, Tracker points out that Debtor's Law 75 claim has been asserted in the Missouri case as one of Debtor's affirmative defenses.

Section 1334(c)(1) allows for permissive abstention. The court may in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing civil proceedings arising under title 11, or arising in or related to cases under title 11. Factors to consider in deciding whether to voluntarily abstain include the following:

> 1) the effect on efficient administration of estate; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of applicable state law; 4) the presence of related proceeding in nonbankruptcy court; 5) the jurisdictional basis for abstention; 6) the degree of relatedness of proceeding to main bankruptcy case; 7) the substance rather than form of asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matter; 9) the burden of docket; 10) the likelihood that commencement of proceeding in bankruptcy court involves forum shopping; 11) the existence of right to jury trial; and 12) the presence in proceeding of nondebtor parties.

Shawmut Bank, N.A. v. AK Eng'g, Inc. (In re AK Serv. , Inc.), 159 B.R. 76 (Bankr. D. Mass 1993)(citing In re Republic Reader's Serv., Inc., 81 B.R. 422 (Bankr. S.D. Tex. 1987)).

In consideration of the factors for permissive abstention, we abstain from hearing this adversary proceeding because both the federal and local courts had previously determined that the appropriate forum to resolve the contractual disputes between these parties was in Missouri. In fact, the local court found that the disputes between the Principal and Tracker in the local court case were substantially similar to the disputes among Debtor, Tracker and Principal in the Missouri case and that the best course of action was to stay the local court proceedings, thereby forcing all the parties to continue their multiple grievances in one forum–Missouri. The Missouri District Court also declined to change the venue from Missouri to Puerto Rico. We agree with these two tribunals that the best venue to address the parties' dispute is Missouri. The parties agreed to have their contractual dispute heard in Missouri. The Missouri case was the first case to acquire jurisdiction over the parties and was in advanced stages considering that the case was scheduled for jury trial twice. In fact, the Missouri District Court recently rescheduled the trial as to Principal, who has not filed for bankruptcy. The court presided over the complaint and counterclaim for almost two years; and

8

therefore, it is the court most familiar with the issues pertaining to the parties. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S. Ct. 628, 84 L.Ed. 876 (1994); Taxel v. CommerceBank (In re World Fin., Servs. Center, Inc.), 64 B.R. 980 (Bankr. S.D. Cal. 1986).

In addition, at the oral hearing, Tracker stated that Debtor raised Puerto Rico's Law 75 as an affirmative defense in the Missouri case and that dispute was going to be heard in the Missouri case. The Missouri court, in its Order dated January 20, 2012, has expressed its willingness to try Debtor's Law 75 dispute.[8]

Moreover, both Debtor and Tracker have timely demanded a jury trial. Both parties are entitled to a jury trial before an Article III court because Tracker does not consent to have the case heard before an Article I judge.

This action involves substantive issues of local law. As such, we have already determined that the proceedings are non-core in nature. Debtor has requested to assume the contested executory contract and Tracker has filed an opposition thereto in the bankruptcy case. However, before Debtor may assume the executory contract, the Missouri District Court will have to sort out the rights and liabilities of the parties under the terms and conditions of the contract.

It must be noted that Debtor's President Juan Carlos Nieto Rodríguez, who is one of its principals, is a party in these litigations in his personal character. He also constitutes the conjugal partnership composed between him and María Teresa Perea Fernández, who are also parties involved in these litigations. It is evident from the history of both the federal and local court litigations that Debtor and Principal are engaging in forum shopping by their various failed attempts to have the litigation heard in Puerto Rico. Debtor's last resort was to file for bankruptcy thereby causing the jury trial to be stayed. Once in bankruptcy court, Debtor proceeded to file this action against Tracker and then remove the Missouri case to Puerto Rico. Both adversary proceedings involve the same contract and the same parties that have been the subject of litigation in both federal and local courts.

As a result of our determination to dismiss and/or abstain from this proceeding, the court shall modify the automatic stay to allow the Missouri District Court action to continue to final, firm and

---

[8] Docket No. 16.

9

unappealable judgment. Tracker is barred by the automatic stay to execute any judgment obtained against Debtor; however, Tracker may pursue the judgment, if any, in the bankruptcy court.

## **ORDER**

WHEREFORE, the court dismisses this adversary action without prejudice on the basis of the forum selection clause executed by the parties in the contract, pursuant to Fed. R. Bankr. P. 12(b)(6), which incorporates Fed. R. Civ. P. 12(b)(6). In the alternative, the court abstains from hearing this adversary action, pursuant to 28 U.S.C. § 1334(c)(1). Consequently, the court modifies the automatic stay to allow the Federal action, styled Tracker Marine, LLC & Mako Marine International, LLC, f/k/a Mako Marine International, Inc. vs. Sunset Marine of Puerto Rico, Inc., San Juan Carlos Nieto Rodriguez and Maria Teresa Perea Fernandez, designated Case No. 11-3238 before the United States District Court for the Western District of Missouri, to proceed to final, firm and unappealable judgment. Tracker Marine, LLC & Mako Marine International, LLC, f/k/a Mako Marine International, Inc. are barred by the automatic stay to execute any judgment that they may obtain in their favor against Sunset Marine of Puerto Rico, Inc.; however, they may pursue their award in the United States Bankruptcy Court for the District of Puerto Rico.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of July 2013.

*Mildred Caban*

MILDRED CABAN FLORES
U. S. Bankruptcy Judge